**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | |
|---|---|
| IN RE: Suhayla Mikhail ) | Case No. |
| ) | |
| Plaintiff ) | COMPLAINT |
| ) | |
| ) | **Judge:** |
| ) | |
| ) | **Magistrate:** |
| v. ) | July Demand Requested |
| ) | |
| Cavalry SPV I, LLC ) | |
| 500 Summit Lake Drive, Suite 400 ) | |
| Valhalla, NY 10595 ) | |
| ) | |
| Defendant ) | |

Now comes Plaintiff, by and through his attorneys, and, for his Complaint alleges as follows:

## INTRODUCTION

1. Plaintiff, Suhayla Mikhail, brings this action to secure redress from unlawful collection practices engaged in by Defendant, Cavalry SPV I, LLC. (hereinafter "Cavalry"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2. The Seventh Circuit Court of Appeals stated in *Millver v. McCalla, Raymer, Padrick, Cobb, Nichols & Carlk, LLC.*, 214 F.3d 872, 875 (7th Cir. 2000), that the FDCPA requires a debt collector to state "the amount of the debt" that they are trying to collect.

3. The Court in *Miller* spelled out safe harbor language for collecting debts that are accuring interest or other fees after the date of the initial dunning letter. Id.

4. Following Miller, the Seventh Circuit Court of Appeals stated in *Chuway v. Nat. Action Services*, 362 F. 3d 944 (7th Cir. 2004), stated that if a Debt Collector is "trying to collect the listed balance plus the

interest running on it or other charges, he should use the safe harbor language of *Miller:* As of the date of this letter, you owe $___[the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection  For further information, write the undersigned or call 1-800-[phone number]." *Id.*

5. Debt Collectors are vicariously liable for violations of the FDCPA by other Debt Collectors acting on their behalf. *Janetos v. Fulton Friedman & Gullace, LLP,* 825 F.3d 317, (7th Cir. 2016)

## **JURISDICTION AND VENUE**

6. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).
7. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## **STANDING AND INJURY**

7. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

8. Specifically, Plaintiff suffered a concrete informational injury as a result of Defendant's failure to provide truthful information in connection with its attempt to collect an alleged debt from Plaintiff.
9. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

## **PARTIES**

10. Plaintiff, (hereinafter "Plaintiff") incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").
11. The Plaintiff's name is Suhayla Mikhail.
12. Plaintiff is a resident of the State of Illinois.
13. Defendant, Cavalry SPV I, LLC (hereinafter "Cavalry".) ("Defendant"), is a New York business entity with an address of 500 Summit Lake Drive, Suite 400, Valhalla, New York 10595 operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).
14. Unless otherwise stated herein, the term "Defendant" shall refer to Cavalry.
15. At some point, the original creditor, transferred this debt to Defendant for debt collection.

## **ALLEGATIONS**

16. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $4313.07(the "Debt") to an original creditor (the "Creditor")
17. The Debt was purchased, assigned or transferred to Defendant for collection, or Defendant was employed by the Creditor to collect to Debt.
18. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. Section 1692a(2).
19. Defendant subcontracted with Financial Recovery Services, Inc. to collect on this debt.
20. On July 10, 2019, Defendant mailed a Plaintiff a collection letter. See Exhibit.
21. Plaintiff received said letter on or about July 15, 2019.
22. On the upper right hand of the letter, it states in capital letters

"TOTAL BALANCE DUE: $4313.07" See Exhibit

23. The letter begins by Defendant telling Plaintiff: "[P]lease be advised that CAVALRY SPV I, LLC the current creditor-debt purchaser has purchased the account referenced above and it has been assigned to our office as a Pre-Legal account. While your account is with our office, if you pay $4313.07, the above referenced account will be considered paid in full." See Exhibit.

24. This debt is a static debt that is not under any circumstance able to be increased.

25. Yet, despite the fact stated in paragraph 23 of this Complaint, Defendant, by using the words-"[W]hile your account is with our office, if you pay $4575.67….your account will be considered paid in full"-is suggesting that the payment may increase if it is not with Defendant's subcontracted collection agency.

26. Defendant is misleading Plaintiff that this debt may increase, even though it will not.

**VIOLATIONS OF THE FDCPA-15 U.S.C. SECTION 1692, et seq.**

27. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. The Defendants' conduct violated 15 U.S.C. Section 1692e by implying an outcome that could not legally come to pass.

29. The Defendant's conduct violated 15 U.S.C. Section 1692e(2) by misrepresenting the character, amount, or legal status of the debt.

30. The Defendant's conduct violated 15 U.S.C. Section 1692e(5) by threatening to take action that can not legally be taken or had no intention of taking.

31. Plaintiff is entitled to damages as a result of Defendants' violations.

**JURY DEMAND**

32. Plaintiff demands a trial by jury.

## **PRAYER FOR RELIEF**

33. Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:

    (1) Statutory damages;

    (2) Attorney fees, litigation expenses and costs of suit; and

    (3) Such other and further relief as the Court deems proper.

Respectfully submitted,
/s/ John Carlin
John P. Carlin #6277222
Suburban Legal Group, LLP
1305 Remington Rd., Ste. C
Schaumburg, IL 60173
jcarlin@suburbanlegalgroup.com
Attorney for Plaintiff